UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24546-CIV-WILLIAMS/MCALILEY

4649 NW 36 STREET, LLC,

    Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff 4649 NW 36 Street LLC filed a Motion to Remand, which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 11, 17). Defendant Scottsdale Insurance Company filed a response, and Plaintiff a reply. (ECF Nos. 12, 16). Having carefully reviewed the parties' memoranda, the pertinent portions of the record and the applicable law, for the reasons I explain below, I recommend that the Court deny the Motion to Remand.

    **I.    BACKGROUND**

In April 2020, Plaintiff filed suit against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida for breach of contract. The Complaint sought an unspecified sum of damages, in excess of $30,000, exclusive of interest, costs and attorney's fees, stemming from property damage sustained as a result of

a multi-vehicle collision. (ECF No. 1-1). Prior to filing suit, Defendant tendered benefits to Plaintiff totaling $109,167.56. (ECF No. 12 at 2). Defendant also exchanged correspondence with Plaintiff's public adjuster, who submitted a sworn proof of loss and estimates of Plaintiff's damages that exceeded $75,000. (ECF No. 11 at 2). This correspondence included settlement negotiations wherein Defendant offered to settle the parties' dispute for an additional $54,000. (ECF No. 12 at 3-4).

Plaintiff effectuated service of process on Defendant in June 2020. (*Id*. at 5). That same month, Defendant served Plaintiff with a First Set of Interrogatories and First Requests for Production that sought information and documents regarding Plaintiff's damages. (*Id*. at 6). Plaintiff had not responded to these discovery requests when, on October 27, 2020, it made a settlement offer to Defendant of $450,000. (*Id*.). Plaintiff provided Defendant with three estimates in support of this settlement offer, all of which exceeded $75,000 and two of which its public adjuster provided Defendant pre-suit. (*Id*. at 6). Within 30 days of that offer, on November 4, 2020, Defendant removed the case to this Court, in reliance on diversity jurisdiction. (ECF No. 1).

There is no dispute that the Court has diversity jurisdiction, as the parties agree that the amount in controversy is satisfied and complete diversity exists. Plaintiff only argues that Defendant's Notice of Removal is untimely. (ECF No. 11 at 5-8). Plaintiff contends that Defendant knew, before Plaintiff filed suit, that the amount in controversy exceeds $75,000 because Defendant received Plaintiff's sworn proof of loss and supporting

estimates from Plaintiff's public adjuster. (*Id*.).[1] Plaintiff asserts that the removal deadline began to run when Defendant produced those documents to Plaintiff in September 2020 in response to Plaintiff's Request for Production. (ECF No. 16 at 3).

Defendant argues that pre-suit documents do not trigger the removal deadline, nor do Defendant's responses to Plaintiff's request for production, because documents a plaintiff receives from a defendant do not start the removal period. (ECF No. 15 at 9-10). Defendant contends that its receipt of Plaintiff's October, 2020 settlement offer triggered the time for removal, and therefore, removal is timely because Defendant filed its Notice of Removal approximately one week after it received Plaintiff's settlement offer. (*Id*. at 7).

I evaluate these arguments below.

## II. ANALYSIS

The time for removal is governed by 28 U.S.C. § 1446. The provision in dispute is subsection (b)(3) of the statute, which provides that "…if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

---

[1] Plaintiff also relied on its Civil Cover Sheet, which identified its estimated damages as $1,000,000, to argue that removal is untimely. Plaintiff correctly abandoned this argument in its Reply, (ECF No. 16), as Defendant was never served with the Civil Cover Sheet, (ECF No. 12 at 5), and Form 1.997 of the Florida Rules of Civil Procedure specifies that "[t]he estimated amount of the claim [listed in the civil cover sheet] is requested for data collection and clerical processing purposes *only*. The amount of the claim *shall not be used for any other purpose*." Fla. R. Civ. P. at Form 1.997 (II) (emphasis supplied).

Plaintiff argues that the sworn proof of loss and supporting estimates it provided to Defendant before filing this lawsuit constitute "other paper" for purposes of triggering the 30-day removal period. (ECF No. 11 at 5-8). I do not agree. Although the Eleventh Circuit has not decided this issue, "[e]very court of appeals that has addressed whether a court may consider a defendant's pre-litigation knowledge…to decide triggering of the 30-day removal period has held no." *Sullivan v. National General Insurance Online, Inc.*, No. 3:17-CV-1387, 2018 WL 3650115, at *6 (M.D. Fla. April 17, 2018) (collecting cases). Numerous courts in this district are in accord. *See e.g., MIR Convenience Store, Inc. v. Century Sur. Co.*, No. 14-60425, 2014 WL 2118878, at *2 (S.D. Fla. May 21, 2014) ("Although some courts divide on the issue, many courts have found that *pre-suit* documents do *not* constitute "other papers" for purposes of ascertaining whether a case is removable under § 1446(b)(3).") (emphasis in original) (citations omitted); *Needham v. Lexington Ins. Co.*, No. 18-10128, 2018 WL 10517034, at *2 (S.D. Fla. Oct. 17, 2008) ("[B]ecause Defendant received [Estimate, Proof of Loss, Pre-Suit Demand and Civil Remedy Notice] before being served with the Complaint, they cannot serve as "other paper" for purposes of triggering the 30-day deadline.") (citations omitted); *Ianniello v. Target Corp.*, No. 07-21908, 2008 WL 11408622, at *2-4 (S.D. Fla. Feb. 13, 2008) (settlement demand that plaintiff sent defendant before commencing state court action does not constitute "other paper" under § 1446(b)(3)) (citation omitted); *Rodriguez v. W. World Ins. Co.*, No. 20-21404-civ-Williams/Torres, 2020 U.S. Dist. LEXIS 115515, at *9 (June 29, 2020) (report and recommendation adopted by, *Rodriguez v. W. World Ins. Co.*, No. 20-21404 at ECF No. 15) ("We agree with the many District Courts in the Eleventh Circuit

4

that have adopted a bright-line rule that a court 'may only look at the pleading or any post-litigation other paper from the plaintiff.'") (collecting cases).

The Fifth Circuit explained its reasoning this way:

> we believe that our holding that the "other paper" must be received after the filing of the initial pleading is supported by the recitation in the [third] paragraph of § 1446(b) of the words "amended pleading, motion, order" before the words "or other paper," which clearly refer to actions normally and logically occurring after the filing of the initial pleading.

*Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992). I find this reasoning persuasive and adopt it here. Accordingly, I conclude that Defendant's pre-suit receipt of Plaintiff's sworn proof of loss and supporting estimates do not trigger the removal deadline.

Plaintiff also argues that Defendant's responses to Plaintiff's Request for Production, wherein Defendant produced the sworn proof of loss and supporting estimates it had previously received from Plaintiff pre-suit, constitutes "other paper" for purposes of § 1446(b)(3). (ECF No. 16 at 3). Again, I do not agree. It is true that "other paper" does include discovery responses. *Wilson v. Target Corp.*, No. 10-80451, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010) ("Courts have held that responses to requests for admission, settlement offers, and other correspondence between the parties can be 'other paper' under 28 U.S.C. § 1446(b).") (citations omitted). However, the discovery responses must be received by the defendant to constitute "other paper" within the meaning of § 1446(b)(3). This is clear from the text of the statute, which provides that the removal deadline begins to run "after receipt *by defendant*…of an…other paper." 28 U.S.C. § 1446(b)(3). The Eleventh Circuit has explained that "in assessing the propriety of removal, the court

5

considers the document *received by the defendant* from the plaintiff – be it the initial complaint or a *later received* paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007) (emphasis supplied).

Defendant's responses to Plaintiff's Request for Production cannot trigger the 30-day removal window because they were received by *Plaintiff*, not Defendant. This Court recently rejected the same argument that Plaintiff makes here. *See Rodriguez*, 2020 U.S. Dist. LEXIS 115515 at *10 ("We also find Plaintiff's argument that Defendant's responses to Plaintiff's Request for Production is 'other paper' is a misreading of the law" because "Defendant's responses were received *by Plaintiff from Defendant*.") (emphasis in original) (citation omitted). Tellingly, Plaintiff does not cite any authority that supports its assertion that Defendant's discovery responses can constitute "other paper" within the meaning of § 1446(b)(3).[2]

It is undisputed that Plaintiff emailed Defendant a settlement offer of $450,000 on October 27, 2020. (ECF No. 1-2). This settlement offer, which is a document that Defendant received from Plaintiff after litigation commenced, constitutes "other paper" and began the 30-day removal deadline. *Wilson*, 2010 WL 3632794, at *2 (settlement offers can be 'other paper' under 28 U.S.C. § 1446(b)). Defendant filed its Notice of Removal on November 4, 2020, well within the removal period. Accordingly, removal is timely.

---

[2] All of Plaintiff's authority concerns pre-suit demands which, as explained above, I do not find persuasive.

### III. CONCLUSION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Plaintiff's Motion to Remand, (ECF No. 11).

### IV. OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 21st day of February, 2021.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
   Counsel of Record